IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Dwight Alonzo Littles, Jr., | Civil Action No. 4:19-cv-02485-JMC |
| Plaintiff, | |
| v. | **ORDER** |
| E. L. Clements, III; Ryan White; the Grand Jurors of Florence County; Thomas McFadden, | |
| Defendants. | |

Plaintiff Dwight Alonzo Littles, Jr., proceeding *pro se* and *in forma pauperis*, filed an Amended Complaint, pursuant to 28 U.S.C. § 1983 (1996), alleging that Defendants E. L. Clements, III, Ryan White, the Grand Jurors of Florence County, and Thomas McFadden, violated his civil rights. (ECF No. 6.) The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report"), which recommends the court dismiss this action with prejudice and without issuance and service of process. (ECF No. 12.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 12 at 2–3.) A grand jury indicted Plaintiff for armed robbery, S.C. Code Ann. § 16-11-330(A) (2020), on August 23, 2018, and he is currently detained at the Florence County Detention Center. (*Id.* at 2 (citing ECF No. 6 at 2).) Plaintiff filed an Amended Complaint on September 17, 2019, claiming that Defendants "conspired to expand the construction of South Carolina's armed robbery statute, resulting in his false imprisonment." (*Id.* (citing ECF No. 6 at 4.) Plaintiff requests that his state case be dismissed and for compensation for "false imprisonment, pain and suffering, slander, defamation of character, and deprivation of

1

liberty." (*Id.* (citing ECF No. 6 at 6.) The Magistrate Judge issued a Report on September 18, 2019, recommending that the court dismiss this action. (ECF No. 12 at 6.) Plaintiff timely filed objections to the Report on September 30, 2019. (ECF No. 14.)

## II. LEGAL STANDARDS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id*. at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief."

*Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

Plaintiff objects and asserts that "[a]lthough immunity shields the Solicitor and Assistant Solicitor and Grand Jurors from suit in this matter, there's no other logic [sic] explanation for the conditions of my court case." (ECF No. 14 at 1.) Moreover, Plaintiff contends that it is "not possible to commit armed robbery and strong arm[ed] robbery at the same time. Therefore, the indictment is improper[.]" (*Id.*) The court finds that Plaintiff's Objection merely reasserts the claims that the Magistrate Judge considered in the Report. (*See* ECF No. 12 at ("He alleges Grand Jurors presented an indictment for a crime he could not have committed. He maintains Solicitor signed and approved the indictment and Assistant Solicitor is pursuing his conviction." (internal citation omitted).) As such, in the absence of specific objections, the court must only review the record to ensure that there is no clear error. *See Diamond*, 416 F.3d at 315.

The Magistrate Judge notes that Plaintiff has an ongoing state criminal proceeding, and therefore Plaintiff's Amended Complaint falls within the purview the *Younger* abstention doctrine. (ECF No. 12 at 4 (citing *Younger v. Harris*, 401 U.S. 37 (1971)).) "[T]he Supreme Court held a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary circumstances." (*Id.*) Moreover, the Report provides: "From *Younger* and its progeny, the Fourth Circuit has culled the following test to determine when abstention is appropriate: '(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state

proceedings.'" (*Id.* (citing *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994)) (citations omitted).)

Here, because Plaintiff is involved in ongoing state criminal proceedings, the State has an interest in administering the criminal justice system "free from federal interference . . . [and] that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Accordingly, the court declines to exercise jurisdiction over Plaintiff Dwight Alonzo Littles, Jr.'s Amended Complaint.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 12) and **DISMISSES** Plaintiff's Amended Complaint (ECF No. 6) with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 8, 2020
Columbia, South Carolina